IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION (CLEVELAND)

| | | |
|---|---|---|
| THE PENN MUTUAL LIFE INSURANCE COMPANY<br>Independence Square<br>Philadelphia, Pennsylvania 19172 | )<br>)<br>)<br>)<br>) | CASE NO.:<br><br>JUDGE |
| *Plaintiff,* | ) | |
| v. | )<br>) | |
| PATRICIA CAMILLY<br>1143 Haverston Road<br>Lyndhurst, Ohio 44022 | )<br>)<br>)<br>) | |
| *and* | )<br>) | |
| WELLS FARGO BANK, N.A., as Securities Intermediary<br>101 North Phillips Avenue<br>Sioux Falls, South Dakota 57104 | )<br>)<br>)<br>)<br>) | **PLAINTIFF THE PENN MUTUAL LIFE INSURANCE COMPANY'S COMPLAINT FOR INTERPLEADER** |
| *Defendants.* | ) | |

Plaintiff The Penn Mutual Life Insurance Company ("Penn Mutual" or "Plaintiff") brings this Complaint for Interpleader involving Defendants Patricia Camilly and Wells Fargo Bank, N.A. (together "Defendants") requesting that Defendants interplead to determine among themselves the beneficiary of the proceeds of the term life insurance policy issued by Penn Mutual to the deceased, Robert Howlett ("Mr. Howlett").

**THE PARTIES**

1. Penn Mutual is a Pennsylvania corporation with its principal place of business in Horsham Township, Pennsylvania. Penn Mutual issued and administered the life insurance policy at issue in this case.

2. Upon information and belief, Defendant Patricia Camilly ("Ms. Camilly") is an individual with her personal residence in Lyndhurst, Ohio.

3.	Upon information and belief, Defendant Wells Fargo Bank, N.A. ("Wells Fargo") is a national banking association located in Sioux Falls, South Dakota.

## JURISDICTION AND VENUE

4.	Jurisdiction is proper under 28 U.S.C. § 1335 in that two adverse claimants who are citizens of different states are claiming entitlement to benefits arising by virtue of the life insurance policy at issue in this case.  Wells Fargo is a citizen of South Dakota.  Ms. Camilly is a citizen of Ohio.  The amount of the benefit at issue exceeds $500.00.

5.	Diversity jurisdiction is proper under 28 U.S.C. § 1332(a)(2) in that this is an action between citizens of different states.  Plaintiff is a Pennsylvania corporation with its principal place of business in Pennsylvania.  Wells Fargo is a citizen of South Dakota.  Ms. Camilly is a citizen of Ohio.  Furthermore, the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00).

6.	Venue is proper in the Northern District of Ohio, Eastern Division, under 28 U.S.C. § 1391(b)(2), as this is a dispute over a Cuyahoga County resident's death benefits and the death occurred in Cuyahoga County.

## FACTUAL BACKGROUND

### The Life Insurance Policy

7.	Penn Mutual incorporates paragraphs 1 through 6 of this Complaint as if fully restated herein.

8.	Mr. Howlett was insured under a term life insurance policy, Policy No. 8152180 (the "Policy," attached as Exhibit A).  The total benefit amount payable under the Policy is $1,750,467.20, plus applicable interest (the "Total Benefit").

9. Mr. Howlett and Ms. Camilly divorced on April 8, 2014. In connection therewith, the Court of Common Pleas, Domestic Relations Division, of Medina County, Ohio entered an Agreed Judgment Entry Decree of Divorce (the "Divorce Decree," redacted copy attached as Exhibit B).

10. The Divorce Decree provides as follows:

> [Mr. Howlett] shall take any all [sic] steps necessary to designate [Ms. Camilly] as the remainder beneficiary of [the Policy] and following any divorce or other termination of the parties' marriage shall redesignate the Wife as the remainder beneficiary of said policy.
>
> In the event of [Mr. Howlett's] demise prior to satisfying his obligations hereunder, the net proceeds of any life insurance policy set forth herein shall be used to satisfy his obligations hereunder. In the event [Mr. Howlett] satisfied his obligations hereunder, he shall no longer be obligated to make the premium payments on said policy(s), and [Ms. Camilly] may continue to do so if she so chooses. At no time shall [Mr. Howlett] be required to maintain insurance on his life in an aggregate death benefit amount in excess of his total obligation to the Wife hereunder of $1,500.00 per month for 120 months, or as reduced by the payments he makes upon said obligation.

11. Mr. Howlett did not designate Ms. Camilly as the beneficiary of the Policy.

12. On July 10, 2017, Mr. Howlett designated Wells Fargo as the sole beneficiary of the Policy. A redacted copy of the Owner Designation Form is attached as Exhibit C.

13. Mr. Howlett passed away on September 15, 2017. A redacted copy of the Ohio Death Certificate is attached as Exhibit D.

**Defendants' Claims to Mr. Howlett's Life Insurance**

14. Penn Mutual incorporates paragraphs 1 through 13 of this Complaint as if fully restated herein.

15. Ms. Camilly claims that she is entitled to the life insurance benefits due under the Policy by virtue of the Divorce Decree's requirement that the "net proceeds of any life insurance

policy set forth herein shall be used to satisfy his obligations" under the Divorce Decree, including his obligation to pay Ms. Camilly $1,500.00 for 120 months.

16. Wells Fargo claims that it is entitled to the life insurance benefits due under the Policy because Mr. Howlett designated Wells Fargo as the sole beneficiary of the Policy and Mr. Howlett's obligations to Ms. Camilly under the Divorce Decree were satisfied.

17. By reason of these conflicting claims, Penn Mutual is in great doubt as to which Defendant is entitled to be paid the death benefits. Accordingly, Penn Mutual has not distributed the benefit to anyone.

## COUNT I
### (Interpleader)

18. Penn Mutual incorporates paragraphs 1 through 17 of this Complaint as if fully restated herein.

19. As the insurer, Penn Mutual currently controls the $1,750,467.20, plus applicable interest, to which Defendants each claim an entitlement.

20. After diligent investigation, Penn Mutual cannot determine the proper beneficiary or beneficiaries of the Policy without being subject to multiple liabilities. Defendants, therefore, are competing claimants with respect to the benefits and an interpleader action is necessary to protect Penn Mutual from being exposed to multiple liability.

21. Penn Mutual claims no interest in the death benefits and only wishes to distribute it to the proper Defendant or Defendants.

22. As a result of the above, Penn Mutual respectfully seeks to deposit the $1,750,467.20 death benefit plus any applicable interest with this Court, and requests that Defendants interplead as to who is the proper beneficiary to the Policy.

**WHEREFORE,** Plaintiff Penn Mutual prays for an Order that:

A. Defendants be restrained from instituting any action against Plaintiff for the recovery of the death benefit due under the Policy;

B. Defendants be required to interplead and settle between themselves their rights to the death benefit due under the Policy, and that Plaintiff be discharged from all liability to Defendants;

C. Plaintiff deposits the $1,750,467.20, with any applicable interest, with this Court and be dismissed with prejudice from the case; and

D. Plaintiff should recover its costs and reasonable attorneys' fees that have been incurred and will be incurred in connection with this case.

Respectfully submitted,

*/s/ Brett K. Bacon*
Brett K. Bacon (0022826)
Angela D. Lydon (0087872)
FRANTZ WARD LLP
200 Public Square, Suite 3000
Cleveland, Ohio 44114
216.515.1660
216.515.1650 (fax)
bbacon@frantzward.com
alydon@frantzward.com

*Attorneys for Plaintiff The Penn Mutual Company*