IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| THE PENN MUTUAL LIFE INSURANCE COMPANY, | CASE NO. 1:18 CV 460 |
| Plaintiff, | JUDGE DONALD C. NUGENT |
| v. | MEMORANDUM OPINION AND ORDER |
| PATRICIA CAMILLY, *et al.*, | |
| Defendants. | |

This matter is before the Court on the Motions of Defendant Wells Fargo Bank, N.A. ("Wells Fargo") for Judgment on the Pleadings (ECF #23) and for a Protective Order (ECF #24). Defendant Patricia Camilly opposes Well Fargo's Motion for Judgment on the Pleadings and its Motion for a Protective Order and has moved for an Order Compelling Discovery. (ECF #29). For the reasons that follow, Defendant Wells Fargo's Motions for Judgment on the Pleadings and for a Protective Order are denied. Defendant Camilly's Motion to Compel Discovery is granted.

**Factual and Procedural Background**

Plaintiff Penn Mutual Life Insurance Company, ("Penn Mutual"), filed this interpleader action to resolve the competing claims of Defendants Patricia Camilly and Wells Fargo to life insurance proceeds on a policy issued by Penn Mutual insuring the life of decedent Robert

Howlett.("the Policy"). The face amount of the Policy is $1,750,000. (ECF #1-1) Ms. Camilly is the former spouse of decedent Robert Howlett and claims that she is entitled to the proceeds of the Policy as a result of her divorce and attendant Court Order which required Mr. Howlett to name her as remainder beneficiary of the Policy. Wells Fargo claims entitlement to the proceeds of the Policy as a result of a viatical agreement in which Mr. Howlett sold his interest in the Policy to a viatical settlement provider, which, in turn, transferred the Policy to Wells Fargo.

The Agreed Judgment Entry and Decree of Divorce, filed in the Court of Common Pleas Domestic Relations Division of Medina County, Ohio, provides in relevant part:

> G. Insurance-
>
> The Husband currently has a policy of Life Insurance with Primerica Life, policy no. 0430762390. Immediately following any divorce of the parties, the Husband shall take all steps necessary to redesignate the Wife as sole beneficiary of said policy. The Husband, further, shall transfer to the Wife his ownership interest in such policy of insurance and shall do all things necessary to effectuate such transfer. Notwithstanding any such transfer, the Husband shall remain responsible for the payment of all premiums thereon.
>
> The Husband, also, is insured by the Penn Mutual Life Insurance Company policy no. 8 152 180. Said policy assigns to Dan Schindler an amount sufficient to satisfy Husband's outstanding obligation for the purchase of The Swedish Solution, Inc. The Husband, shall take any all steps necessary to designate the Wife as the remainder beneficiary of said policy and following any divorce or other termination of the parties' marriage shall designate the Wife as the remainder beneficiary of said policy.
>
> In the event of the Husband's demise prior to satisfying his obligations hereunder, the net proceeds of any life insurance policy set forth herein shall be used to satisfy his obligations hereunder. In the event the Husband satisfies his obligations hereunder, he shall no longer be obligated to make the premium payments on said policy(s), and the Wife may continue to do so if she so chooses. At no time shall the Husband be required to maintain insurance on his life in an aggregate death benefit amount in excess of his total obligation to the Wife hereunder of $1,500 per month for 120 months, or as reduced by the payments he makes upon said obligation.

(ECF #1-2) The parties agree that Ms. Camilly collected the death benefit on the Primerica policy which satisfied Mr. Howlett's support obligation under the divorce decree. However, Mr. Howlett had not satisfied his support obligations to Ms. Camilly prior to his death.

## Standard of Review

The standard of review used by a district court to rule on a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) is the same as the standard used to rule on Rule 12(b)(6) motions. *See Grindstaff v. Green*, 133 F.3d 416, 421 (6th Cir. Tenn. 1998). A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) allows a defendant to test the legal sufficiency of a complaint without being subject to discovery. *See Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 566 (6th Cir. Ohio 2003). In evaluating a motion to dismiss, the court must construe the complaint in the light most favorable to the plaintiff, accept its factual allegations as true, and draw reasonable inferences in favorable of the plaintiff. *See Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. Ky. 2007). The court will not, however, accept conclusions of law or unwarranted inferences cast in the form of factual allegations. *See Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. Tenn. 2000). In order to survive a motion to dismiss, a complaint must provide the grounds of the entitlement to relief, which requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action. *See Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (internal citation omitted); *see Association of Cleveland Fire Fighters v. City of Cleveland*, No. 06-3823, 2007 WL 2768285, at *2 (6th Cir.

Ohio Sept. 25, 2007) (recognizing that the Supreme Court "disavowed the oft-quoted Rule 12(b)(6) standard of *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed.2d 80 (1957)"). Accordingly, the claims set forth in a complaint must be plausible, rather than conceivable. *See Twombly*, 127 S. Ct. at 1974.

On a motion brought under Rule 12(b)(6), the court's inquiry is limited to the content of the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint may also be taken into account. *See Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. Ohio 2001).

## Discussion

### 1. Wells Fargo's Motion for Judgment on the Pleadings

Wells Fargo argues that because Ms. Camilly is not the owner or beneficiary under the Policy, she may only assert a claim to the Policy if the language of the divorce decree granted her a vested interest in the Policy. Ms. Camilly argues that under the language of the Policy she has a vested interest in the Policy.

Under the express terms of the divorce decree, Mr. Howlett was required to take all steps necessary to insure that Ms. Camilly was the beneficiary under the Primerica Policy and was the remainder beneficiary under the Policy at issue. The dispute arises under the next paragraph of the divorce decree which provides:

> In the event of the Husband's demise prior to satisfying his obligations hereunder, the net proceeds of any life insurance policy set forth herein shall be used to satisfy his obligations hereunder. In the event

-4-

> the Husband satisfies his obligations hereunder, he shall no longer be obligated to make the premium payments on said policy(s), and the Wife may continue to do so if she so chooses. At no time shall the Husband be required to maintain insurance on his life in an aggregate death benefit amount in excess of his total obligation to the Wife hereunder of $1,500 per month for 120 months, or as reduced by the payments he makes upon said obligation.

Wells Fargo relies on the language that in the event the Husband satisfies his obligations, he is no longer obligated to make premium payments on the policies and further that "at no time shall the Husband be required to maintain insurance on his life in an aggregate death benefit amount in excess of his total obligation to the Wife hereunder of $1,500 per month for 120 months, or as reduced by the payments he makes upon said obligation." However, as Ms. Camilly asserts, Mr. Howlett had not satisfied his obligation to Ms. Camilly prior to his entering into the Viatical Agreement or prior to his death. Further, even if Mr. Howlett's obligations to her were satisfied, which they were not, under the terms of the divorce decree Ms. Camilly had the right to continue as remainder beneficiary of the Policy and to pay the premium if she so desired.

Based upon a reading of the express language of the divorce decree and the pleadings herein, Ms. Camilly's claim that she has a vested interest in the Policy is plausible. Further, Ms. Camilly argues that Mr. Howlett was suffering from terminal brain cancer and thus was mentally and physically incompetent at the time that the Viatical Agreement was entered. As such, she argues that because Mr. Howlett lacked capacity and competency to enter the Viatical Agreement, the Viatical Agreement must fail. At a minimum, Ms. Camilly asserts that there are disputed issues of fact regarding Mr. Howletts' competency and capacity at the time that he

entered the Viatical Agreement and whether Wells Fargo is a bona fide purchaser for value. Ms. Camilly contends that Wells Fargo claims that it is a bona fide purchaser for value and thus has a right to the proceeds of the Policy. However, Ms. Camilly asserts that such a claim assumes that Wells Fargo had no knowledge of Ms. Camilly's claim to the Policy which is belied by the attachments and allegations made by Wells Fargo in their pleadings. Based upon the forgoing, Wells Fargo's Motion for Judgment on the Pleadings is denied

**2. Motion for a Protective Order/Motion to Compel Discovery**

Plaintiff has moved to compel discovery based upon her arguments regarding Mr. Howlett's capacity and competency at the time the Viatical Agreement was entered and regarding Wells Fargo's knowledge of Ms. Camilly's rights under the divorce decree. Wells Fargo moved for a protective order to limit the scope of discovery to whether the divorce decree gives Ms. Camilly an irrevocable or vested interest in the Policy and prohibiting any discovery into any other matter including Mr. Howlett's competency at the time of the sale. Having determined that Ms. Camilly's claim to the Policy proceeds under the language of the divorce decree is plausible, the issue of whether the Viatical Agreement is void is relevant as Wells Fargo's claim to the Policy proceeds is based solely upon the soundness of the Viatical Agreement. As such, Ms. Camilly's Motion to Compel is granted and Wells Fargo's Motion for a Protective Order is denied.

**Conclusion**

For the reasons stated above, the Motion of Wells Fargo for Judgment on the Pleadings (ECF #23) is denied. The Motion of Wells Fargo for a Protective Order (ECF #24) is denied.

The Motion of Patricia Camilly to Compel Discovery is granted in its entirety.

    IT IS SO ORDERED.

                                              _/s/ Donald C. Nugent_
                                              DONALD C. NUGENT
                                              United States District Judge

DATED: _January 23, 2019_